

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00436-CR

**LILLIAN PEREZ BUCKHOLZ,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**

### From the 21st District Court
### Burleson County, Texas
### Trial Court No. 14,208-A

## MEMORANDUM OPINION

Lillian Perez Buckholz was convicted of the felony offense of Fraudulently Attempting to Obtain from a Practitioner a Prescription for a Controlled Substance by Concealment of a Material Fact. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.129(a-1) (West Supp. 2013). In essence, Buckholz fraudulently obtained a prescription for the controlled substance Xanax from one doctor when Buckholz already had an existing prescription for the same substance issued by another doctor. The offense was

enhanced by a prior conviction and Buckholz was sentenced to 20 years in prison. The trial court's judgment is modified and affirmed as modified.

In her first two issues, Buckholz contends her trial counsel was ineffective for failing to object to testimony by a State's witness (Issue One) and for the failure to previously investigate what that witness would say (Issue Two).

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland*: that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Lopez*, 343 S.W.3d at 142. In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id*. To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id*.

An appellate court must make a "strong presumption that counsel's performance fell within the wide range of reasonably professional assistance." *Id*. (quoting *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)). Claims of ineffective assistance of

counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus. *Id*. at 143 (citing *Bone v. State*, 77 S.W.3d 828, 833 n. 13 (Tex. Crim. App. 2002)). On direct appeal, the record is usually inadequately developed and "cannot adequately reflect the failings of trial counsel" for an appellate court "to fairly evaluate the merits of such a serious allegation." *Id*. (quoting *Bone*, 77 S.W.3d at 833 (quoting *Thompson v. State*, 9 S.W.3d 808, 813-814)).

Here, the record is completely silent as to why counsel did not object to the witness's testimony or whether or not he investigated what this witness would say. Granted, the clerk's record does not include any motions for discovery and it appears that counsel did not know about another possible pending charge against Buckholz. However, to hold that this indicates counsel's representation fell below an objective standard of reasonableness is speculative at best. Further, even if the record supported the first prong of the *Strickland* test, Buckholz fails to argue in her first issue that there was a reasonable probability that the result would have been different. As to her second issue, she only speculates that a plea bargain would have been reached. There is no indication in the record whether Buckholz would have pled guilty had her counsel investigated what the State's witness would have said and there is equally no indication that the State would have offered a plea bargain.

Accordingly, Buckholz has failed to meet her burden under *Strickland* and her first and second issues are overruled.

In her third issue, Buckholz complains that the evidence was insufficient for the trial court to have assessed attorney's fees in the judgment. The State agrees that the evidence was insufficient in this regard. In accordance with the opinion of the Court of Criminal Appeals in *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010), we agree that the evidence was insufficient and the judgment should be modified to delete these assessments. Buckholz's third issue is sustained.

The evidence was legally insufficient for the trial court to have assessed attorney's fees in the judgment, therefore, that assessment is deleted and judgment is rendered that the amount of costs owed by Buckholz is $264.00. Having found no other reversible error, we affirm the judgment as modified.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed January 2, 2014
Do not publish